UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEMETRICE P. SMITH,

    Plaintiff,

v.                                Case No: 2:15-cv-183-FtM-29DNF

STATE OF FLORIDA, NAPLES JAIL CENTER, MARIA LNU, Nurse, and COLLIER COUNTY, FLORIDA,

    Defendants.

_____

**OPINION AND ORDER**

Plaintiff Demetrice P. Smith ("Plaintiff") initiated this action *pro se* by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1, filed Mar. 20, 2015) and a motion to proceed in this action *in forma pauperis* (Doc. 2). The complaint is presently before the Court for initial screening pursuant to 28 U.S.C. § 1915.[1]

For the reasons set forth in this Order, the complaint is dismissed without prejudice to Plaintiff reasserting his claims in state court.

---

[1] Because Plaintiff is proceeding *in forma pauperis*, the Court is required to review his complaint to determine whether it is frivolous, malicious, or fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This review process was implemented in an effort to reduce meritless prisoner litigation. Green v. Nottingham, 90 F.3d 415, 417 (10th Cir. 1996); see H.R. Rep. No. 104-378, 104th Cong. 1st Sess. 166.

**I.   Complaint[2]**

On February 20, 2015, Plaintiff was called to the medical department at the Naples Jail Center for a routine checkup (Doc. 1 at 5).  The examining nurse, Defendant Maria, told Plaintiff that he needed a tuberculosis vaccination. Id.  Plaintiff protested because he had tested positive for tuberculosis in 1980. Id.  Defendant Maria informed Plaintiff that if he did not get vaccinated, he would be placed on medical lockdown. Id. at 6. Plaintiff then agreed to the shot under protest. Id.

As a result of the shot, Plaintiff's arm became infected and swollen and he had to "be placed on medicine for ten days" (Doc. 1 at 6).  Plaintiff filed a grievance in which he complained that his arm was sore and swollen as a result of the shot. Id. at 8. The grievance was denied. Id.

Plaintiff asserts that "Nurse Maria's conduct in this matter were [sic] unprofessional, and constitute[s] medical malpractice." (Doc. 1 at 6). Plaintiff seeks fifteen million dollars in compensation for his pain and suffering and an additional fifteen million dollars in punitive damages. Id. at 7.

---

[2] All facts are taken from Plaintiff's Complaint and the attachments to the Complaint (Doc. 1).  See Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

## II. Legal Standards

Title 28 § 1915(e)(2) reads in pertinent part as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ---
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A complaint is frivolous under § 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations that are clearly baseless. Id. at 327; Denton v. Hernandez, 504 U.S. 25, 31 (1992).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)[.]"). A complaint fails to state a claim

- 3 -

when it does not include "enough factual matter" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (explaining that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice.") (citing Twombly, 550 U.S. at 555).

In making the above determinations, all factual allegations in the complaint must be viewed as true. Brown v. Johnson, 387 F.3d 1344, 47 (11th Cir. 2004). "However, the court need not accept inferences drawn by [Plaintiffs] if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." In re Delta/AirTran Baggage Fee Antitrust Litig., 733 F.Supp.2d 1348, 1358 (N.D. Ga. 2010). Moreover, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972); Miller v. Stanmore, 6356 F.2d 986, 988 (5th Cir. 1981).

**III. Discussion**

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. See Wideman v. Shallowford Cmty. Hosp., Inc., 826 F.2d 1030, 1032 (11th

Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id.

Plaintiff has failed to state a cognizable claim under 42 U.S.C. § 1983 because he has not alleged the deprivation of a constitutional right. Plaintiff's allegation that Nurse Maria was "unprofessional" for insisting that he receive a tuberculosis vaccination, despite his claim that he had tested positive for tuberculosis thirty-five years ago, is simply not a constitutional violation. See Brown v. Briscoe, 998 F.2d 201 (4th Cir. 1993) (affirming district court's dismissal of complaint as frivolous under 28 U.S.C. § 1915 because the defendant nurse was not deliberately indifferent to prisoner's serious medical needs when she administered tuberculosis vaccine even though prisoner allegedly broke out in rash and had told the defendant nurse that he had already received a tuberculosis inoculation).

To the extent that Plaintiff's complaint of a sore arm requiring "medicine" for ten days is a claim that Defendant Maria improperly administered the vaccine, such a claim is, at most, a claim for medical malpractice. See Williams v. O'Leary, 55 F.3d 320, 324 (7th Cir. 1995) (holding that when a physician provided some treatment but failed to carefully review medical history and prescribe appropriate antibiotic it might be considered medical malpractice, but did not amount to a constitutional violation);

Brown v. Thompson, 868 F. Supp. 326, 331 (S.D. Ga. 1994) (accidents, mistakes, negligence, and medical malpractice are not constitutional violations, and a difference in medical opinion also does not amount to a constitutional violation).

Mere claims of negligence or inattention by a medical practitioner do not rise to the level of an Eighth Amendment violation which is actionable under § 1983. Estelle v. Gamble, 429 U.S. 97, 106 (1976)(medical malpractice does not become a constitutional violation merely because the victim is a prisoner); Mandel v. Doe, 888 F.2d 783, 787–88 (11th Cir. 1989). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause[.]" Whitley v. Albers, 475 U.S. 312, 319 (1986). In addition, a mere simple difference in medical opinion between the prison's medical staff and the inmate as to the proper course of treatment also does not support a claim of cruel and unusual punishment. Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) ("Mere incidents of negligence or malpractice do not rise to the level of constitutional violations.").

Because Plaintiff has failed to state a claim for a violation of his constitutional rights, his complaint must be dismissed. However, a claim of medical negligence may be asserted in a state court under state law. Therefore, the dismissal is without prejudice to Plaintiff reasserting his claims in a state forum.

Finally, a federal court must have "at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).  Because Plaintiff has not stated a cognizable federal question claim, nor alleged that the Court has jurisdiction pursuant to diversity of citizenship or a specific statutory grant, this Court lacks subject matter jurisdiction over the action.

ACCORDINGLY, it is hereby

**ORDERED:**

1.   Plaintiff's civil rights complaint (Doc. 1) is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted and for lack of jurisdiction.

2.   The **Clerk of Court** is directed to terminate any pending motions, close this case, and enter judgment accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida on this   24th   day of March, 2015.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Demetrice P. Smith
Counsel of Record